THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SPARTAN AVIATION INDUSTRIES d/b/a SPARTAN COLLEGE OF AERONAUTICS AND TECHNOLOGY, <br><br> Defendant. | CIVIL ACTION NO. <br><br> COMPLAINT |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to J.C. Shine who was adversely affected by such practices. The complaint alleges that Defendant Spartan Aviation Industries d/b/a Spartan College of Aeronautics and Technology ("Spartan") terminated Ms. Shine, a senior flight instructor, on the basis of her sex. Furthermore the Equal Employment Opportunity Commission ("the Commission") alleges that Defendant discriminated against Ms. Shine in retaliation for complaining of gender discrimination to Defendant's Human Resource Manager and other members of Defendant's management.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Oklahoma.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Spartan, an Oklahoma corporation, has continuously been doing business in the State of Oklahoma and has continuously had at least 15 employees.

5. At all relevant times, Defendant Spartan has continuously been engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ms. Shine filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2004, Defendant engaged in unlawful employment practices in violation of Title VII as follows:

(a) Defendant Spartan engaged in unlawful employment practices at its Tulsa, Oklahoma site, in violation of Section 706(f) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (2), by disciplining Ms. Shine more harshly than male flight instructors and by terminating her because of her sex, female.

.	(b)	Defendant Spartan engaged in unlawful employment practices at its Tulsa, Oklahoma site, in violation of Section 706(f) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (2), by disciplining Ms. Shine more harshly than male flight instructors and by terminating her in retaliation for her complaints of sex discrimination made to Defendant Spartan's Human Resource Manager and other members of its management.

8.	The effect of the practices complained of in paragraph 7 above was to deprive Ms. Shine of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9.	The unlawful employment practices complained of in paragraph 7 above were intentional.

10.	The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Ms. Shine.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant Spartan, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sex discrimination, retaliation, and any other employment practice which discriminates on the basis of sex.

B.	Order Defendant Spartan to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant Spartan to make Ms. Shine whole by providing compensation for past and future pecuniary and nonpecuniary losses resulting from the unlawful employment

practices described in paragraph 7 above, including pain and suffering, loss of enjoyment of life, damage to reputation, and humiliation, in amounts to be determined at trial.

    D.    Order Defendant Spartan to pay punitive damages to Ms. Shine for its malicious and reckless conduct described in paragraph 7 above in amounts to be determined at trial.

    E.    Grant such further relief as the Court deems necessary and proper in the public interest.

    F.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/Jean Kamp_____
JEAN KAMP
Acting Regional Attorney

/s/Barbara A. Seely_____
BARBARA A. SEELY
Supervisory Trial Attorney,
MOBAR #10607

/s/Michelle M. Robertson_____
Senior Trial Attorney OBA #14084

/s/Jan Shelly_____
JAN SHELLY
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO  63103
(314) 539-7915